**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| FLETCHER JOHNSON, JR. | ) |
| | ) |
| **Plaintiff,** | ) **CIVIL ACTION NO.** |
| | )   5:13-CV-407 |
| **v.** | ) **JURY TRIAL** |
| | ) **DEMAND** |
| | ) |
| **ANTHONY PACK, individually and in his** | ) |
| **official capacity as Superintendent  MCSD** | ) |
| **RICHARD BAZEMORE, individually and** | ) |
| **his official capacity as Principal MCSD** | ) |
| **MONROE COUNTY SCHOOL DISTRICT** | ) |
| **DISTRICT BOARD OF EDUCATION** | ) |
| **JOHN DOE** | ) |
| **Defendants.** | ) |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

Plaintiff, Dr. Fletcher Johnson, Jr. brings this action against Monroe County School District Board of Education (hereinafter "MCBOE"), his employer, for discrimination based on his race, in violation of 42 U.S.C. §1981 and §1983, Title VII of the Civil Rights Act of 1964 (as amended), the Thirteenth and Fourteenth Amendment to the United States of Constitution.   This action seeks Declaratory, Injunctive and other equitable relief, as well as monetary damages to redress the deprivation of rights secured to Plaintiff.  The above captioned case is filed on behalf of Plaintiff, a former MCBOE employee that Defendants have harassed,

1

retaliated and terminated as a result of Plaintiff's race, age, sex and family member disability.   Plaintiff is a forty-nine (49) year old African-American Male.

II. **PARTIES**

1. Plaintiff, Dr. Fletcher Johnson Jr. is an individual and citizen of the State of Georgia residing at: 24 Live Oak Court, Forsyth, Georgia 31029

2. Dr. Johnson is an African-American male and formerly an Assistant Principal in the Monroe County Georgia School District.

3. Defendant, Monroe County School District ("MCBOE") is an independent governmental entity established and formed under the laws of the State of Georgia; organized under the laws of the State of Georgia with its principal place of business located at 25 Brooklyn Avenue, Forsyth, GA 31029.  MCBOE is doing business in the State of Georgia.

4. Defendant's Registered Agent is identified as the Superintendent of Schools, Anthony Pack located at the Monroe County Board of Education, 25 Brooklyn Avenue, Forsyth, Georgia 31029. MCBOE conducts business in Forsyth, Georgia in the Middle District of Georgia and it engages in industry effecting commerce

and regularly conducts extensive business in the State of Georgia. At the time of the discrimination in this matter, Defendant MCBOE had in excess of five hundred (500) employees. Defendants are subject to the jurisdiction of this Court and MCBOE is an employer within the meaning of 42 U.S.C. Sec. 2000e-(b).

5. Defendant MCBOE is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and 42 U.S.C. §§ 1981 and 1983.

6. At all times material hereto, Defendant MCBOE acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. Richard Bazemore, Ed.D, individually and in his official capacity as Monroe County School District Principal, Thomas G. Scott Elementary School, 70 Thornton Road, Forsyth, Georgia 31009.

8. Anthony Pack, individually and in his official capacity as Monroe County School District, Superintendent of School, located at the Monroe County Board of Education, 25 Brooklyn Avenue, Forsyth, Georgia 31029.

3

III. **JURISDICTION**

9. The Discrimination cause of action set forth in the Complaint arises under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981, Section 1983, Thirteenth and Fourteenth of the U.S. Constitution.

10. This Court has jurisdiction of this action under 28 U.S.C. § 1343, 23 U.S.C. 1343(3) and (4) and 42 U.S.C. § 2000(e)-(5)f in order to protect rights guaranteed by 42 U.S.C. §1981, 42 U.S.C. 1983, Title VII of the 1964 Civil Rights Act as amended (42 U.S.C. § 2000e), 29 U.S.C. § 1331, 1343 and 1357 and 29 U.S.C. § 626(c) and the Thirteenth and Fourteenth Amendment to the United States Constitution; and it pendent jurisdiction over state claims.

11. Venue is proper under 28 U.S.C. § 1391(b) because the employment discrimination took place within the United States Middle District of Georgia.

12. Plaintiff has filed charges of race, age and sex discrimination, with the Equal Employment Opportunity Commission ("EEOC"), which complained of the acts of race discrimination set forth herein (the "charges"). The charges were filed with EEOC within one-hundred eighty (180) days of the discriminatory action(s) and

4

the continuing violations complained of herein.   The Charge Number is 410-2011-04922.   EEOC issued a decision and a Notice of Rights on July 26, 2013.

13. This complaint was filed within ninety (90) days from Plaintiff's receipt of Right to Sue Letters (attached as Exhibits A)

14. Defendants are estopped from asserting that Plaintiff's charges were not timely filed with the EEOC and Plaintiff seeks judgment regarding such estoppel from the Court.

15. Within one-hundred eighty (180) days from the date of MCBOE independent acts which perpetuated its systematic policy of discrimination in employee selection, pay, promotion, duty assignments, harassment and retaliation based on race notice of discrimination was provided.   Defendants' discriminatory employment practices were used against Dr. Johnson because of his race, sex, and age.

16. As a result of Plaintiff's complaints regarding MCBOE continual implementation of a systematic policy of discrimination, harassment and retaliation based on race, sex, and age; Dr. Johnson received notice that his Assistant Principal contract with MCBOE would not be renewed and thus, notice of his termination on April

5

18, 2013.  Also on April 18, 2013, Dr. Johnson was given notice that he was being relinquished of his duties and responsibilities as Assistant Principal of Thomas G. Scott Elementary School, and that he was prohibited from returning to his work place.

17. Defendants intentionally interfered with the terms and conditions of Dr. Johnson's employment contract because of his race and charges of discrimination.

18. Defendants were aware of Dr. Johnson's charges of discrimination. Dr. Johnson's discrimination claims were timely filed with the EEOC. Defendants and the EEOC were both able to investigate and make decisions regarding the charges and whether race, age or sex discrimination occurred and, if either saw fit to take remedial action to attempt to eradicate and compensate Plaintiff for the race, sex, and age discrimination that occurred.

19. Plaintiff fully complied with all administrative prerequisites for the bringing of this action.

## IV.    **FACTUAL ALLEGATIONS**

20. Dr. Johnson, a forty-nine (49) year old African-American male, is an Educator with seventeen (17) years of experience.  Dr. Johnson was employed with the MCBOE during the period of July 18, 2005

through April 18, 2013.  Dr. Johnson performed the duties and responsibilities of an Elementary School Assistant Principal.

21. Dr. Johnson has been the only African-American male Elementary School Assistant Principal in the Monroe County School District.

22. Monroe County School District has denied African-American males Principal positions in its Elementary Schools.

23. It is Monroe County School District practice to only permit black females, white males and white females to hold the position of Elementary School Principal.

24. On or about December 16, 2008, Dr. Johnson applied for the position of Principal at Kathy B. Sutton Elementary School in the Monroe County School District.

25. All other applicants for the position of Principal at Kathy B. Sutton Elementary School were white and equally or less qualified than the Plaintiff, Dr. Johnson.

26. On or about December 16, 2008, Dr. Johnson was summoned to participate in an interview for the Principal position at Kathy B. Sutton Elementary School in the Monroe County School District.

27. At the beginning of the interview Superintendent Pack, who is white, immediately began to interrupt the interview process to degrade, demean, and admonish the only African American candidate, Dr. Johnson.

28. During said interview, Superintendent Pack redirected the line of questions addressed to Dr. Johnson.   The racially hostile, degrading and abusive manner of interrogation used by Superintendent Pack in Dr. Johnson's interview was not used in the interview of the white applicants.

29. On Thursday, December 18th, 2008, Superintendent Pack came to Dr. Johnson's office and closed the door behind him.   In a racially hostile and threatening manner, the Superintendent stated "poor Fletcher is all alone."  He approached Dr. Johnson in a threatening manner and stood directly over him like a master over a slave and then with great venom and derogation Dr. Pack told Dr. Johnson, "as long as I'm the Superintendent in this County; you will never be a Principal….You are a liability to this school District."

30. Dr. Johnson was placed in fear of both physical and professional harm by Superintendent Pack's hostile and demeaning behavior. Dr. Johnson was humiliated that Dr. Pack would treat him that way

because of his race. The incident was reported to the Vice-Chair of the Monroe County Board of Education, J. P. Evans.

31. Joe Parlier was selected as Principal of Kathy B. Sutton Elementary School. Joe Parlier is a white male who was less or as qualified as the Plaintiff for the Principal position.

32. Dr. Johnson complained directly to the MCBOE about Mr. Pack's systematic acts of discrimination and harassment. For example, during the six (6) year period prior to Palier's selection, there were four (4) Principal promotions. All positions were filled by White males; this is despite the applications of equally or more qualified African-Americans including but not limited to the Plaintiff.

33. Subsequent to Dr. Johnson's complaints to MCBOE, Superintendent Pack promised Dr. Johnson, that if he continued to cause trouble by reporting discrimination to MCBOE, Dr. Johnson's contract would not be renewed.

34. Superintendent Pack warned that if Dr. Johnson went to the MCBOE again, that it would be as easy as a contract non-renewal to terminate him. Mr. Pack knew that a contract non-renewal would be devastating to Dr. Johnson's career and lessen his chances for employment in any school district.

35. The systematic discrimination <u>continued</u> from 2008 through October 2012.  The level of discrimination and harassment was so unbearable in October 2012, that Dr. Johnson was forced to go back to MCBOE to report the discrimination, despite Superintendent Pack's looming threat of contract non-renewal. Dr. Johnson had to exercise his civil rights.

36. Dr. Johnson again brought the discrimination and retaliation matters to the attention of the MCBOE on October 31, 2012 and April 3, 2013.

37. Superintendent Pack, holding true to his threat of contract non-renewal and his promise to interfere with Dr. Johnson's terms and conditions of contract; served Dr. Johnson with notice of non-renewal of his contract on April 18, 2013.

38. Since Dr. Johnson reported his complaints of discrimination in 2008-2009 to MCBOE; he has been subjected to continuous retaliation and harassment. Systematic discriminatory actions escalated against Dr. Johnson including but not limited to Dr. Richard Bazemore's, sexually explicit racial email, monkey sounds, monkey jokes, un-addressed student assaults upon Dr. Johnson, unrealistic assignment of duties and responsibilities,

degrading remarks, racial slurs, unwarranted discipline, and abusive calls to Dr. Johnson's home disturbing his disabled wife and children.

39. Dr. Johnson was voted the Best Assistant Principal of Monroe County in 2008, 2012 and 2013.   After years of satisfactory evaluations for the years 2005-2012; Dr. Johnson received an unsatisfactory evaluation in March, 2013 subsequent to his 2012-2013 discrimination complaints to the MCBOE.   Dr. Johnson was terminated April 18, 2013.   Defendants intentionally interfered with the terms and conditions of Dr. Johnson's contract and retaliated against Dr. Johnson as a result of his protected activity.

40. Dr. Johnson's charges of discrimination, claims of retaliation, harassment and his wife's disability, were determinative factors in his unwarranted discipline and contract non-renewal in October 2012, March 2013 and April 2013.

41. Prior to Dr. Johnson's discipline, without provocation, Dr. Bazemore made an inappropriate joking reference to a student who kicked Dr. Johnson in his private area. Dr. Bazemore's obsession with Dr. Johnson's penis is harassment.

42. Dr. Bazemore inexplicably sent a racially and sexually explicit email of a huge overweight black female in a thong in a sexually provocative position to Dr. Johnson.  Dr. Bazemore's email also referred to Dr. Johnson's allergies and the size of his penis.

43. Elementary School Principal, Dr. Bazemore not only sent said email to Dr. Johnson, he also copied Dr. Johnson's female co-workers on the email so that they could view the email.

44. Dr. Johnson has been repeatedly subjected to discrimination in selection for assignments, being assigned the more physically demanding, dangerous, and difficult Administrator assignments because he is a black male.

45. Dr. Johnson has been denied opportunities for promotion and fair compensation because of his race, sex and age.

46. Dr. Johnson has been subjected to constant calls to his home throughout the night disturbing and affecting his disabled wife's health and his young children.  During the day, calls were made to Dr. Johnson's home even when he was physically at the school and not at home with his family.

47. Even during Dr. Johnson's FMLA maternity leave while his wife was recovering from a C-section, undergoing M.S. treatments and

he was attending to his infant son, calls continued, despite Dr. Johnson's efforts to prohibit them.

48. Dr. Johnson has been subjected to verbal abuse, name calling, racial slurs and hostility as a result of his race, sex and prior discrimination claims.   He has been at meetings with Dr. Bazemore, where sexually provocative careers were suggested for a female elementary student.

49. The unfair treatment, discrimination and retaliation are based on Dr. Johnson's race, sex, age, wife's disability and his participation in protected activity concerning discrimination.

50. MCBOE Superintendent Pack has continuously talked to Dr. Johnson in a racially hostile and demeaning manner, often talking to Dr. Johnson like a slave, while addressing similarly situated white Assistant Principals in a professional manner.

51. Since Plaintiff's employment with the Monroe County School District began Dr. Johnson has been relegated to Assistant Principal duties that include mostly disciplinarian, enforcer and security officer duties while similarly situated white or female Elementary School Assistant Principals are primarily given more expansive curriculum duties.

52. Dr. Johnson was assigned disciplinary responsibilities for more students than any of the similarly situated white Elementary Assistant Principals. Dr. Johnson was subject to physical abuse, and not given any protection or support from his administrators.

53. Plaintiff Dr. Johnson complained for years to the MCBOE Superintendents including but not limited to Mr. Pack that he wanted to be more involved in curriculum instead of dealing with mostly discipline issues.

54. Superintendent Pack directed Plaintiff Johnson to focus on teacher's disciplinary issues with students.

55. If there is an issue concerning curriculum in a meeting, Dr. Johnson, the only African American male Elementary School Assistant Principal, is told not to attend or not to speak by Mr. Pack or Dr. Bazemore while the similarly situated white Assistant Principals are permitted to do all the talking.

56. Despite Mr. Johnson's disciplinary responsibilities, he has on occasion watched the MCBOE and Principals issue less severe punishments to white students; particularly when the student has engaged in activity against an African American Teacher. For example avoiding the expulsion of a white student who threatened

an African American Teacher with a hangman's noose the student brought to class.

57. Only the MCBOE white employees who are equally or less qualified for Elementary School Assistant Principal positions are permitted to have primary curriculum duties and responsibilities.

58. The non-selection of Dr. Johnson for the Principal positions and Assistant Principal Curriculum assignments occurred despite Dr. Johnson's outstanding experience and qualifications for the position/assignments.

59. On or about April 24, 2011, Dr. Johnson applied for the open position of Principal at KB Sutton Elementary School.   Dr. Johnson was qualified for the position.

60. On May 16, 2011, Dr. Johnson was interviewed for the KB Sutton Elementary School Principal position.  Dr. Johnson was one (1) of two (2) African American males in the initial candidate pool within MCBOE district.  Dr. Johnson was equally or more qualified than the other candidates.

61. The goal of the KB Sutton Elementary School Principal interview committee and leadership team was to hire from within the MCBOE district.  Despite Dr. Johnson's qualification he was not

selected for the position. The selection process was closed and no one was selected from the candidate pool. Both qualified African-American males were not selected for the Elementary School Principal position.

62. Within a month of the closure of the position and without reposting of the opening, the selection process for the KB Sutton Principal Position was re-opened for applications.

63. Dr. Johnson reapplied for the position but was not given an opportunity to interview. A younger white female outside the MCBOE district, who was less qualified or equally qualified as Dr. Johnson was allowed to participate in the re-opened selection process.

64. On or about June 7, 2011, the younger white female, Alicia Elder was selected for the KB Sutton Principal position. Shortly thereafter, on or about June 21, 2011, there was a promotion within the MCBOE district of a white male, Jay Johnston to a Principal position at Banks Stephens Middle School, without posting.

65. The harassment and non-selection of Dr. Johnson for an Elementary School Principal position was because of his race (Black), sex (Male), and age over 40 in violation of Title VII.

## V.    COUNT 1 – RACE DISCRIMINATION IN VIOLATION OF THE TITLE VII, Section §1981, and §1983

66. Plaintiff realleges each and every allegation in paragraphs incorporates by reference ¶¶ 1 through 65 as though set forth in full herein.

67. Defendants have intentionally discriminated against Plaintiff on account of his race and/or sex in violation of Title VII, the Civil Rights Act of 1871 as amended and the State of Georgia Human Rights Law by denying to him equal terms and conditions of employment, by failing to promote her, and by terminating her employment.

68. Plaintiff, an African-American male, is an outstanding seventeen (17) year Educator, with a good performance record; and he has been treated differently from black females and white employees who were equal or less qualified than Dr. Johnson.

69. The race, sex and age of Plaintiff was the determinative factor considered by Defendants in deciding which employee will receive promotions, job assignments and hold the position of Principal in the Monroe County School District.

70. Defendants did not select Plaintiff, even though he was more qualified to perform the job or job assignments than the white employees who were selected.

71. Defendants advised Plaintiff that he would never hold an Elementary School Principal position in Monroe County School District, even though the opportunity to fill said position was open to equally or less qualified white employees.

72. Defendants assigned the coveted curriculum assignments to white Elementary School Assistant Principals. The Plaintiff's duties remained consistent with discipline responsibilities.

73. When Dr. Johnson complained of discrimination Defendants subjected Dr. Johnson to unwarranted discipline, interfered with his employment contract resulting in termination.

74. Defendants, by the discriminatory acts set forth herein, violated Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981, Section 1983 and violates Plaintiffs rights and privileges as guaranteed by the Thirteenth Amendment to the United States Constitution the Thirteenth Amendment.

75. The violations by Defendants of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981 was intentional within the meaning of the Title VI.

76. The violations by Defendants of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981 and 1983 were intentional, willful and outrageous under the circumstances and warrants the imposition of Liquidated Damages.

77. As a direct and proximate result of Defendants' violation of the Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 1981 and 1983; Plaintiff who is African-American male has suffered the injuries, damages, and losses set forth herein.

78. Defendants engaged in a pattern or practice of discriminating against African American male employees in connection with hiring, promotion and job assignments of employees.

79. As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to his reputation.

## VI.   COUNT   II   –   HARASSMENT   AND   HOSTILE   WORK ENVIROMENT

80. Plaintiff repeats and realleges each and every allegation in paragraphs ¶¶ 1 through 79 as though set forth herein in full.

81. Defendants have intentionally discriminated against Plaintiff in violation of the Civil Rights Act of 1871 and the State of Georgia Human Rights Law causing pain, suffering and humiliation.

82. Plaintiff was an employee of the MCBOE for seven (7) years.  He held various positions with MCBOE.

83. Plaintiff, Dr. Johnson is an African American male, age forty-nine (49).  Dr. Johnson engaged in protected activity during the period of 2005 through 2013.

84. Plaintiff alleges that because of his race, sex, age and protected activity; he suffered continuous harassment, during his employment with MCBOE and that he was subject to racial slurs and harassment by his supervisors.  Plaintiff also alleges that his personal attempts to end the harassment were unsuccessful.

85. Plaintiff further maintains that MCBOE has a pattern and practice of harassing African American workers it wishes to terminate because of there race and that Defendant harassed him according to this pattern and practice due to his race and sex.

86. Plaintiff states that this harassment eventually led to his discharge from MCBOE.

87. The harassment caused Plaintiff and his family extreme emotional distress.

88. The harassment and racial discrimination violates rights guaranteed to the Plaintiff under Title VII of the Civil Rights Act of 1964 was done with malice and reckless disregard for Plaintiff's protected rights.

89. As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to his reputation.

## VII. Count III Intentional Infliction of Emotional Distress

90. Plaintiff repeats and realleges each and every allegation in paragraphs ¶¶ 1 through 89 of this Complaint as if fully set forth herein.

91. Plaintiff states that the racial slurs and associated work-related harassment over a period of several years caused his extreme emotional distress, and that although his immediate supervisor

were aware of the distress and his susceptibility to it, they failed to stop harassment, but were in large measure responsible for it.

92. The actions of defendants, MCBOE agents and employees constitute intentional infliction of emotional distress.

93. Plaintiff states that this harassment is actionable as an intentional infliction of emotional distress under the tort law of the State of Georgia.

94. As a direct and proximate result of said acts, plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment and damage to his reputation

## VIII. Count V Negligent Supervision

95. Plaintiff incorporates by reference ¶¶ 1 through 94 of this Complaint as if fully set forth herein.

96. Plaintiff states that the racial slurs and associated work-related harassment over a period of several years caused his extreme emotional distress, and that although his immediate supervisors were aware of the distress and his susceptibility to it, they not only failed to stop harassment, but were in large measure responsible

for it. Plaintiff further states that MCBOE officials with authority over the supervisors, failed to adequately supervise the supervisors and end the harassment.

97. Plaintiff states that this failure on the part of the supervisors and the company officials is actionable as negligent supervision under the Tort law of the State of Georgia.

## IX.   DAMAGES

As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries:

(a) Plaintiff was not selected and cannot apply for Principal positions in Monroe County School District. Plaintiff has been denied promotion opportunities since 2005 through June 27, 2013 his last day of employment.

(b) As a result the unwarranted non-renewal Plaintiffs personal and professional reputation has been damage making it difficult or impossible for him to find employment in his profession.

(c) Plaintiff seeks compensatory and punitive damages.

(d) Plaintiff suffered damage to his pension and retirement benefits.

(e) Plaintiff seeks compensation for back-pay, lost wages and benefits, including loss of Social Security benefits.

(f) Plaintiff seeks reinstatement and promotion of Plaintiff to a Principal of a Monroe County School District Elementary School position.

(g) Plaintiff is entitled to pre-judgment interest and lost wages and benefits, and post-judgment interest on all sums, including on Attorney fees incurred in this action.

(h) Defendants' conduct was an intentional and willful violation of Title VII. Plaintiff is entitled to an award of liquidated damages.

(i) Defendants intentionally and willfully caused Plaintiff mental and emotional stress that has resulted in physical injuries.

## X.   ATTORNEY FEES

Plaintiff was forced to engage Counsel to protect his rights.  Plaintiff is entitled to an award of Attorney fees and cost.

## XI.   RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally:

(a)   Declaring the acts and practices complained of herein to be violation of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981;

(b)   Enjoining and restraining permanently the violations alleged herein against Plaintiff;

(c)   Awarding Compensatory damages to make Plaintiff whole for loss earnings, earning capacity and benefits, past and future, which he

has suffered or may suffer as a result of the Defendants' improper conduct;

(d)    Awarding Plaintiff liquidated damages;

(e)    Awarding punitive damages for Plaintiffs state claims;

(f)    Awarding Plaintiff cost of this action, together with reasonable Attorneys' fees;

(g)    Awarding Plaintiff such other damages that are appropriate under Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. Section 1981 and 1983;

(h)    Granting such other and further relief as the Court deems appropriate.

This 23rd day of October, 2013

Respectfully Submitted,

Golden & Malachi, LLC

By: _____

Karen J. Malachi
GA Bar# 466906

By: _____

Peggy Golden
GA Bar#
Golden & Malachi, LLC
The Ressie B. Jones Building
1050 Spring Street, NW
Atlanta, GA  30309
(404) 870-0887

Attorney for Fletcher Johnson Jr., Plaintiff